## HILS CO v CINCINNATI, NEW ORLEANS & TEXAS PACIFIC RAILWAY CO

Ohio Appeals, 1st Dist, Hamilton Co

No 3891. Decided June 15, 1931

Goebel, Dock & Goebel, Cincinnati, for plaintiff in error.

Harmon, Colston, Goldsmith & Hoadly, Cincinnati, for defendant in error.

ROSS, PJ.

The Railway Company was the vendor of this merchandise. Under its contract with the Salvage Company, the purchaser of the goods, it became a private carrier wholly separated in character from its status as a common carrier. In its capacity of vendor of its own property it had full right to make this contract. **Sante Fe, Prescott & Phoenix Railway Co v Grant Brothers Construction Co., 228 U. S., 177.** This contract was broad enough in its terms to include release of liability for any loss due to delay.

The words "any loss, damage, or injury to such property" have been construed to mean and include loss due to delay. **New York, Philadelphia & Norfolk Railroad Co v Peninsula Produce Exchange of Maryland, 240 U. S., 34.**

The consignee vendee of the Salvage Company while it did not inspect the bills of lading could have done so, and if it had inspected them before taking up the drafts could have then observed that the shipments were "dead head". There is no tariff provision for such shipments where the railroad is acting as a common carrier. The consignee is bound to know the tariff regulations. **Pittsburgh, Cincinnati, Chicago & St. Louis Ry. Co. v. Fink, 250 U. S., 577. Chicago & Alton Railroad Co. v. Kirby, 225 U. S., 155. Cleveland, Cincinnati, Chicago & St. Louis Ry. Co. v. McKenzie Lumber Co., 112 Oh St 80.**

The plaintiff in error was therefore put on notice of the special character of the shipment and could have refused it if it saw fit. It took no greater rights than its vendor.

This disposes of the last five causes of action. There can be no recovery by the plaintiff in error for the reasons stated.

It is claimed by plaintiff in error that as to all six shipments it is entitled to damages for the delay in carriage due to the negligence of the Railway Company, measured by the difference in the market price of the commodity when the shipments should have been received and when they were received.

This is the general rule as to the measure of damages, but is not a rule establishing the existence of damages.

It is to be borne in mind that in no case was the shipment intended for immediate market, but, on the contrary, was to be broken up and sold in the market for small scrap. While there is some authority for the statement that the rule applies whether the shipment is designed for immediate market or not, as in **Sutherland on Damages, fourth ed., Vol. 3, §906, 907,** an examination of the supporting citations fails to show any controlling authority applicable to the facts in the instant case.

Recovery of damages for delay in shipment must be limited to compensation for loss. Such damages are not to be identified as a penalty imposed upon the carrier for failure to deliver on time. In the instant case the loss was but a paper loss. We do not hold that it is necessary to show a loss of a specific sale, but where the character of the commodity is to be changed into a different commodity, affected by a different market and the prevailing prices therein, in the absence of a showing that the delay caused the transformed commodity to reach the market to the damage of the consignee, we are unable to find the presence of any damages the compensation for which the carrier must be held liable.

We, therefore, find no error in the judgment of the court of common pleas of Hamilton County in rendering judgment in favor of the defendant in error on all six causes of action.

Judgment of the court of common pleas of Hamilton County is affirmed.

HAMILTON and CUSHING, JJ, concur.